United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60510

_____

In Re:   GULF PUBLISHING COMPANY, INC.,

Petitioner.

_____

Petition for Writ of Mandamus to the
United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-120-ALL

_____

Before JOLLY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Gulf Publishing Company, Inc. has requested a writ of mandamus to require the district judge to unseal the court file in the case of <u>United States of America versus Paul S. Minor; John H. Whitfield; Oliver E. Diaz, Jr.; and Walter W. Teel</u>, Case No. 3:30-CR-00120-HTW-JCS-ALL, presently pending before Chief Judge Henry T. Wingate in the United States District Court for the Southern District of Mississippi.  On June 13, 2005, the district court judge advised the Clerk's Office of this court, via telephone, that an order would be entered by the end of that week.  At 3:05 p.m. yesterday, June 21, the district judge's secretary called the Clerk's Office of this court and she made the representation that he would rule by Friday, June 24.

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sealed documents at issue were filed in a criminal case alleging judicial bribery, brought by the United States of America against a Mississippi Supreme Court justice, two former Mississippi state court judges, and a trial lawyer from Biloxi, Mississippi. The petitioner, Gulf Publishing Company, publishes the Sun Herald newspaper in Gulfport, Mississippi. On April 1, 2005, Gulf Publishing filed an Emergency Motion to Unseal the Court File, to Obtain Transcripts of Oral Arguments on Motions to Seal the Court File, to Object to Future Closure of Court File or Courtroom, and to Obtain Notice of Closure of the Court File or Courtroom. The defendants filed a response in opposition to the motion to unseal on April 15, and Gulf Publishing filed a reply on April 20.

The district court conducted a hearing on the emergency motion to unseal on April 26, 2005. At the conclusion of the hearing, the court stated that it would render a decision on the motion on the following Friday, April 29, 2005. On April 29, the court stated that it would make its decision the following Monday, May 2, 2005. As of today, June 22, no ruling has been made.

The trial began on June 6. Our review of the docket sheet shows that on June 14, the district court entered an order continuing the trial until June 20. The trial apparently resumed on June 20, and is expected to last for several more weeks. Gulf Publishing asserts that, both before and after the trial commenced on June 6, the district judge has continued to announce his

intention to decide the emergency motion to unseal the court file, but has not issued a ruling.

In its petition for writ of mandamus, Gulf Publishing contends that the district court has violated the First Amendment, federal common law, and its own local rule by not entering any order articulating the basis, if any, for sealing the court file. Gulf Publishing asserts that, because the jury has been selected, there is no longer any risk that disclosure of the sealed documents will prevent the selection of a fair and impartial jury, and no reason to hide the court file from the public and the press.

Gulf Publishing seeks a writ of mandamus requiring the district court to immediately unseal the entire court file and not to seal any portion thereof again, and to order that Gulf Publishing receive a copy of any transcript of oral argument on any motions to close the courtroom or to seal the court file in the district court.

A writ of mandamus is an extraordinary remedy that "is appropriate only when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re: United States, 397 F.3d 274, 282 (5th Cir. 2005) (internal quotation marks and citations omitted). Three requirements must be satisfied "before a writ will issue: (1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he

3

desires; (2) the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Id. (internal quotation marks and citations omitted).

The district court has clearly and indisputably abused its discretion by failing to make any ruling on Gulf Publishing's motion, despite having made repeated representations -- including to the office of the Clerk of this court -- that a ruling was forthcoming. Gulf Publishing has no other adequate means to attain the relief it seeks. Although Gulf Publishing has not shown that it is entitled to the specific relief requested in its petition for writ of mandamus, it has met its burden of showing a clear and indisputable right to have the district court judge make a ruling on its motion. Over a month has passed since the district court indicated that it would rule on the motion. The jury has been selected, and the trial is well underway. Despite the four-day continuance of the trial last week, the ruling promised by the district judge by the end of last week has still not been entered. In the exercise of our discretion, we are satisfied that the issuance of a writ of mandamus is appropriate under these circumstances.

This matter, however, is held in abeyance trusting the district judge's representation that he will address the matters

4

referred to in the petition for writ of mandamus by Friday, June 24. If he fails to act, the court will further consider the petition.

SO ORDERED.